IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BMO BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.   8:26-cv-510 |
| v. | ) |
| | ) |
| SCOTT DONALDSON, an individual, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## VERIFIED COMPLAINT

Plaintiff BMO Bank N.A., by and through its undersigned counsel, complains of defendant Scott Donaldson, as follows:

## I. THE PARTIES

1. Plaintiff BMO Bank N.A. f/k/a BMO Harris Bank N.A. (the "Bank" or "Plaintiff") is a national banking association with a principal place of business located at 320 S. Canal Street, Chicago, Illinois 60606.

2. Defendant Scott Donaldson ("Defendant") is an individual residing, upon information and belief, at 3506 Bruton Road, Plant City, Florida 33565.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the Bank and Defendant are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this District. Specifically, Defendant is a natural person domiciled in this District (*see* 28 U.S.C. § 1391(c)(1)).

### III.   FACTUAL BACKGROUND

#### A. Non-Party Borrower's Bankruptcy

5. Non-party borrower Scooter's Trucking Service, Inc. ("Borrower") is the borrower under the two (2) Loan and Security Agreements secured by certain collateral financed by Plaintiff. Defendant guaranteed Borrower's obligations under the Loan Agreements (defined below).

6. On January 27, 2026, Borrower filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"), Case No. 6:26-bk-00510-TPG (the "Bankruptcy Case").

7. By filing this present action, Bank is not seeking to exercise any rights and remedies against Borrower or Borrower's property. Plaintiff is pursuing its rights and remedies against Borrower and the Collateral (as defined herein) exclusively in the Bankruptcy Case.

8. Defendant is not a debtor in the Bankruptcy Case or any other bankruptcy case. Defendant's obligations to Plaintiff under the guaranties are separate and apart from those of Borrower. By bringing this action, Bank is only seeking to enforce Banks' rights and remedies as to Defendant.

### B. The Loan Agreements

i. Loan Agreement No. 4001

9. On June 16, 2023, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, as amended and modified, ending in 4001, ("Loan Agreement No. 4001"), pursuant to which Bank agreed to finance Borrower's purchase of one (1) 2021 Peterbilt 567-Series: 567 121" BBC Conv Cab SBA Truck 6X4 identified by serial number 1NPCXKEX3MD765687 and one (1) 2021 Tebco 16 FT Steel Dump identified by serial number 2010060 (collectively, the "Loan Agreement No. 4001 Collateral"), in exchange for a total payment of $334,121.76, payable in 72 monthly installments of $4,640.58 each, commencing on August 1, 2023. A copy of Loan Agreement No. 4001 is attached hereto as **Exhibit A**.

ii. Loan Agreement No. 0001

10. On April 2, 2024, Borrower and Bank, as lender, entered into that certain Loan and Security Agreement, ending in 0001, as amended and modified ("Loan Agreement No. 0001," together with Loan Agreement No. 4001, the "Loan Agreements"), pursuant to which Bank agreed to finance Borrower's purchase of one (1) 2024 Peterbilt 389 identified by serial number 1NPXX4EX9RD681443 and one (1) 2023 Warren 17FT Dump Body identified by serial number BC72528 (collectively, the "Loan Agreement No. 0001 Collateral," together with the Loan

Agreement No. 4001 Collateral, the "Collateral"), in exchange for a total payment of $429,955.92, payable in 72 monthly installments of $5,971.61 each, commencing on June 1, 2024. A copy of Loan Agreement No. 0001 is attached hereto as **Exhibit B**.

### C. The Guaranties

11. As further consideration for entering into the Loan Agreements, Defendant executed certain Continuing Guaranties in favor of Bank absolutely and unconditionally guarantying Borrower's present and future obligations to Bank (collectively, the "Guaranties"). True and correct copy of the Guaranties are attached hereto as **Exhibit C** and incorporated herein.

### D. Default Provisions

12. Pursuant to the Loan Agreements, an Event of Default shall occur if, *inter alia*, Borrower fails to pay when due any amount owed to Bank under the Loan Agreements. *See* Loan Agreements § 5.1.

13. Additionally, an Event of Default shall also occur if, *inter alia*, a petition in bankruptcy is filed by Borrower. *See* Loan Agreements § 5.1.

14. An Event of Default shall occur if "Debtor or Guarantor fails to pay any Liabilities when due to Bank or any Affiliate of Bank or is otherwise in default under any other document, agreement or instrument…." *Id*.

15.     Pursuant to the Loan Agreements, upon the occurrence of an Event of Default, Bank may, at its option, with or without notice to Defendant, *inter alia*, (i) declare the Loan Agreements to be in default, (ii) declare the indebtedness under the Loan Agreements to be immediately due and payable, and (iii) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code.  *See* Loan Agreements § 5.2.  All of Bank's rights under the Loan Agreements are cumulative and not alternative.  *See* Loan Agreements §7.3(b).

16.     Pursuant to the Loan Agreements, Borrower is obligated to pay Bank all expenses of retaking, holding, preparing for sale, selling and the like of the Collateral, including without limitation (a) the reasonable fees of any attorneys retained by Bank and (b) all other legal expenses incurred by Bank.  *See* Loan Agreements § 5.2.

17.     Borrower is liable to Bank for any deficiency remaining after disposition of the Collateral after default.  *See id.*

18.     Upon acceleration of Borrower's obligations under the Loan Agreements, interest on all sums then owing shall accrue at the rate of 1½% per month.  *See* Loan Agreements § 5.3.

19.     Pursuant to the terms of the Guaranties, Defendant waived his right to a jury trial of any claim or cause of action relating thereto.  *See* Guaranties.

### E. The Payment Defaults

20. Borrower is in default under the terms and conditions of the Loan Agreements, having failed, *inter alia*, to make payments when due thereunder.

21. Defendant is in default under the terms and conditions of the Guaranties, having failed to make payments when due thereunder.

22. Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreements and the Guaranties.

23. At the time of filing of this Complaint, Defendant has not cured the default under the Guaranty.

24. Due to these defaults and pursuant to the express terms of the Loan Agreements and Guaranties, Bank is entitled to contractual money damages as set forth therein.

### F. Bank's Damages

25. As a result of the breaches by Defendant, Bank has been damaged in an amount equal to not less than $443,755.56 as of January 29, 2026, as follows, not including interest, attorneys' fees, and costs of recovery as of January 29, 2026:

   a. the balance due under Loan Agreement No. 4001 was not less than $175,914.54 as of January 29, 2026, with interest at the Default Rate of 18% *per annum* continuing to accrue in the amount of $87.87 per day; and

  b. the balance due under Loan Agreement No. 0001 was not less than $267,841.02 as of January 29, 2026, with interest at the Default Rate of 18% *per annum* continuing to accrue in the amount of $133.79 per day.

26. The Loan Agreement permits Bank to collect, as additional damages, its attorneys' fees and costs of collection incurred in relation to the Loan Agreements and the Collateral.  *See* Loan Agreements, § 5.2.

## COUNT I – BREACH OF GUARANTY

27. The Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

28. Defendant executed the Guaranties.

29. Under the Guaranties, Defendant is liable for all amounts due to Bank under the Loan Agreements.

30. Bank has performed all terms and conditions of the Guaranties to be performed by Bank.

31. The amount due and owing under the Loan Agreements and Guaranties as of January 29, 2026, was not less than $443,755.56, not including attorney's fees and costs.

32. Defendant is in default under the terms and conditions of the Guaranties, having failed to make payments thereunder.

33. Bank has declared all amounts due and owing under the Loan Agreements, as permitted by the terms of the Loan Agreements.

34. As a direct and proximate result of Defendant's breach of the Guaranties, Bank has incurred and continues to incur substantial damages.

35. The Loan Agreements and Guaranties provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

36. Bank has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Defendant in the amount due under the Guaranties, the exact amount to be proven at or before trial, along with the attorney's fees and costs incurred through its efforts to enforce its rights under the Guaranties, together with such other and further relief as shall be just and equitable.

Dated: February 23, 2026

Respectfully submitted,

By: /s/Maria Castro Sanchez
**REED SMITH LLP**
Maria Castro Sanchez (FL Bar No 1031908
mcastrosanchez@reedsmith.com
REED SMITH LLP
200 South Biscayne Boulevard, Floor 26
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

*Counsel for Plaintiff BMO Bank N.A.*

## **VERIFICATION**

STATE OF IOWA )
)
COUNTY OF LINN )

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true. I further declare that: My name is Debb White, I am a litigation specialist of plaintiff, BMO Bank N.A. (the "Bank"), I have authority to make this Verification on the Bank's behalf, and this Verification is made based on my personal knowledge and as facts appear in the business records of the Bank.

_____
Debb White
Litigation Specialist
BMO Bank N.A.

Sworn and subscribed before me this __3__ day of February ____ 2026, by Debb White, as Litigation Specialist of BMO Bank N.A. and on its behalf, who (✓) is personally known to me or (__) has produced _____ as identification.

_____
Notary Public, State of Iowa
Printed Name: Micki Koepke
Commission No.: 851050

**MICKI S KOEPKE**
Notarial Seal - Iowa
Commission No. 851050
My Commission Expires Sept. 27, 2026

My commission expires: 9-27-2026